## W. D. GREEN v. J. D. SOUTHARD ET AL.

No. 996. Decided April 8, 1901.

1. **Liquor Dealer's Bond—License and Application—Description of Premises.**

The bond of a liquor dealer is not invalid, and will support a recovery by one aggrieved by its infraction (selling liquor to his minor son) though the license and the application therefor contain no designation of the particular house in which the business was to be prosecuted. Rev. Stats., arts. 5060a, 5060c, 5060d; Pearce v. State, 35 Texas Crim. App., 150. (Pp. 471, 472.)

2. **Same—Application.**

It seems that, except where streets are named and houses numbered, the word "place," in the provision as to contents of the application for license, means only the general locality,—city, town, or village. (P. 472.)

ERROR to the Court of Civil Appeals for the Second District, in an appeal from Palo Pinto County.

Green brought suit and recovered judgment against Southard and others. On defendants' appeal this was reversed and the case dismissed. Appellee thereupon obtained writ of error.

*Daniels & Keith* and *G. A. McCall,* for plaintiff in error.—It is not necessary that the application, bond, or license should contain in its face a description of the house, but need only state the place, except in a city where the streets are named and the houses numbered, in which case the street and number of the house shall be given. Sayles' Rev. Stats., arts. 5060c, d, e, g; State v. Sitterle, 26 S. W. Rep., 764; Goforth v. State, 60 Miss., 756.

The provisions of the statutes as to the description and locality of the place of business are directory only, and the appellants will not

in this action be heard to impeach the description given by Southard himself, in his application for license, and thereby escape liability for his violations of law and breaches of his bond. Same authorities.

*Orwick & Terrell* and *W. P. Gibbs,* for defendants in error.—In order that the bond sued on should become a valid and binding obligation of the principal and his sureties, it was necessary that the license should in its face specify the particular place and house in which the business of retail liquor dealer was to be carried on. And if not, it was at least necessary that either the application for license, the bond, or the license itself, should specify such particular place and house, and in the absence of such specification in the said application, bond, and license, the retail liquor dealer was never legally licensed and entitled to do business in any house, and the bond never became a valid and binding obligation. Rev. Stats., arts. 3383, 5060c, 5060e, 5060g; Brown v. State, 27 Texas, 335; Maier v. State, 21 S. W. Rep., 974; Goforth v. State, 60 Miss., 756; Commonwealth v. Merriam, 136 Mass., 433; Murphy v. Monroe Commission, 73 Ind., 483; State v. Reingardt, 46 N. J. Law, 337; Black on Intox. Liq., 144, 145, 156.

GAINES, CHIEF JUSTICE.—This suit was brought by the plaintiff in error to recover of defendants in error penalties for breaches of a liquor dealer's bond, the alleged breaches consisting in the dealer's selling intoxicating liquor to the plaintiff's minor son and in permitting the son to enter and remain upon the premises where the dealer was engaged in the business of selling such liquors. Southard was the principal obligor upon the bond and the other two defendants were sureties upon the obligation. The plaintiff recovered a judgment for $1000, but upon appeal the Court of Civil Appeals reversed the judgment and dismissed the cause.

The dealer's place of business was in the town of Gordon, in Palo Pinto County, in which it does not appear that the streets were named or the houses numbered. Southard, the dealer, made his application for license, filed his bond, paid his tax and procured a license, and thereupon began and carried on the business of selling intoxicating liquors. The proceedings were all regular, save that neither the application nor the license designated the particular house in which the business was to be prosecuted. The application was to do business "at Gordon, in the town of Gordon, in Palo Pinto County." The designation of the place of sale in the license was merely "in the city of Gordon, county of Palo Pinto, Texas."

The contention on behalf of defendants in error is that because of the fact that neither the application nor the license designates the house in which the liquors were to be sold, the license was void and did not protect the defendants in selling liquors, and that therefore the bond was of no effect. We are of opinion that the proposition that the license was void can not be maintained. Article 5060c of the

Revised Statutes provides that "Every person, firm, corporation, or association of persons desiring to engage in the sale of spirituous, vinous or malt liquors, or medicated bitters capable of producing intoxication, in this State, as set forth in article 5060a of this chapter, shall, before commencing the sale of such liquors or medicated bitters, file with the county clerk of the county in which he or they propose to sell the same, an application under oath, on forms provided by the Comptroller, and shall designate the place in which it is proposed to engage in the sale of such liquors or medicated bitters, if (in) any city or town in which streets are named and houses numbered, the street and number of house shall be given," etc. Article 5060d makes it the duty of the county clerk to issue a license to the applicant upon his paying the tax and filing the bond as provided by law, and article 5060e prescribes that "the particular place and house where the liquor is to be sold shall be designated in the license." In the case of Pearce v. State, 35 Criminal Reports, 150, our Court of Criminal Appeals held that a license which designated the town in which the liquors were to be sold but which failed to designate the particular house, was valid; and that a defendant who had sold under such license could not be lawfully convicted under an indictment merely for selling without a license. This being the construction placed upon a criminal statute by the court of last resort in criminal cases, the rule is binding authority upon us and disposes of the question so far as it is affected by the irregularity of the license. If the license which was granted to Southard was valid,—if it protected him from a prosecution for selling liquor without a license,—then the bond was not void by reason of the omission to designate the house therein.

It is difficult to say that the application is not in strict conformity to the statute. The requirement as to the license is that both "the place and house" shall be designated; but in regard to the application, only "the place" is to be pointed out, unless it be in a street or town where the streets are named and the houses numbered. It would seem, therefore, that the word "place" in the provision in regard to the contents of the application does not mean house, but only the general locality in which the business was to be carried on—either city, town, village, or hamlet, as the case might be.

But waiving this question, if the omission to name the house in the license does not make it void, for a much stronger reason, we think, it ought to be held that a like omission in the application can not have such effect.

We find it unnecessary to pass upon other questions discussed upon the hearing.

We conclude that the judgment of the Court of Civil Appeals ought to be reversed and that of the District Court affirmed, and it is so ordered.

*Reversed and judgment of District Court affirmed.*