J. J. FAULKNER ET AL. V. BEULAH CASSIDY.

Decided May 13, 1905.

**1.—Liquor Dealer's Bond—License—Designating Street Number.**

The failure of a purchaser of an unexpired liquor license to have, as required by Rev. Stats., art. 5056, the transfer of the license made on the books of the officer issuing it, and to file an application with the County Clerk designating the particular house in which he proposed to conduct his business, and to have such designation made in the license, did not render void his liquor dealer's bond.

**2.—Same—Pleading—Demurrer.**

Where the petition in an action for violation of the conditions of a liquor dealer's bond alleged that defendant was engaged in selling liquors at a designated street number, and the bond, which was set out in the petition, specified the same place, the petition was not subject to demurrer because no application for license was filed by defendant designating the particular place where the business was to be carried on.

**3.—Same—Transfer of License—Estoppel.**

Defendant having accepted the unexpired license, executed the bond and conducted his business thereunder, was estopped, as against a third party, suing for a violation of the conditions of the bond, to deny the validity of the transfer of the license because of want of authority in the agent making the transfer.

Appeal from the District Court of Ellis. Tried below before Hon. J. E. Dillard.

*Templeton & Harding,* for appellant.—1. To state a good cause of action against a retail liquor dealer and the sureties on his statutory bond, for a breach thereof, it was necessary for the petition to state the facts showing that the liquor dealer was legally licensed and entitled to do business at the time and place, when and where the alleged breach occurred. Rev. Stats., arts. 5060c, 5060d, 5060e, 3383, 5056, 5057;

Green v. Southard, 94 Texas, 470; Maier v. State, 2 Texas Civ. App., 296.

2. In order that the bond sued on should become a valid and binding obligation of the principal and sureties, it was necessary that a license be procured, granting authority to sell at retail .intoxicating liquors at the same place, street and number of the house as contained in the bond sued on. Rev. Stats., arts. 5060c, 5060d, 3383, 5056, 5057; Green v. Southard, 94 Texas, 470; Penal Code, art. 411b; McCormick v. Bank, 165 U. S., 538.

*Y. D. Kemble* and *Geo. A. Bell,* for appellee.—1. The bond and the license should be construed together in determining where the liquor business is to be conducted, and if it be necessary to designate in the license where the business is to be conducted, and the giving of a bond to conduct a liquor business at such place being a condition precedent to the issuance of the license, then a recital in the bond where said business is to be carried on (though omitted in the license) is a sufficient designation of the place, and its omission in the license is fully met and supplied by the recital in the bond, giving a complete description of the place where said liquor business is to be conducted. Sayles Civ. Stats., art. 5060d; Southard v. Green, 59 S. W. Rep., 839; Green v. Southard et al., 61 S. W. Rep., 705; Pearce v. State, 35 Texas Crim. Rep., 153; State v. Sitterle, 26 S. W. Rep., 764; Morris v. Mills, 11 Texas Ct. Rep., 14.

2. To state a good cause of action against a retail liquor dealer and the sureties on his statutory bond, for a breach thereof, it is only necessary to allege that said liquor dealer executed the bond and that the same was approved by the county judge, and that he engaged in business under said bond and violated the provisions thereof. Rev. Stats., art. 5060g.

TALBOT, ASSOCIATE JUSTICE.—This suit was instituted by Mrs. Beulah Cassidy against J. J. Faulkner and the sureties on his retail liquor dealer's bond. Two grounds of recovery are alleged in the petition, viz: (1) that sales or gifts of liquor were made by appellant Faulkner to appellee's husband, George Cassidy, after she had notified Faulkner not to make such sales or gifts; (2) that appellee's husband, George Cassidy, was an habitual drunkard, and, knowing that fact, appellant sold and gave to him intoxicating liquors. It was alleged that George Cassidy was her husband and refused to join her in this suit; "that on or about the 9th day of March, 1902, and for about twelve months theretofore, the defendant, J. J. Faulkner, was a liquor dealer, and engaged in the sale of spirituous, vinous and malt liquors, and medicated bitters, capable of producing intoxication, in quantities of one gallon or less, to be drunk on the premises at No. 113 N. Main Street in the city of Ennis, in said Ellis County, having made application, given bond and obtained a license therefor in conformity to the law regulating the sale of liquors.

"That thereafter, towit, on or about the 10th day of March, 1902, the said J. J. Faulkner, still desiring to engage in, and continue his said business of liquor dealer at said place (his former license above

referred to, having expired), obtained an unexpired liquor dealer's license, which had been originally issued by the County Clerk of Ellis County to one D. F. Crawford, and was afterwards, to wit, on or about March 10, 1902, transferred to said J. J. Faulkner while the same was in full force and effect, and in connection therewith the said J. J. Faulkner, on or about March 10, 1902, entered into a bond for the sale of spirituous, vinous and malt liquors and medicated bitters capable of producing intoxication, in quantities of one gallon or less, to be drunk on the premises at said No. 113 N. Main Street, in Ennis, Ellis County, Texas, with himself as principal, and Sam Levy and W. M. Evans as sureties, wherein they bound themselves unto the State of Texas in the sum of five thousand dollars, for the payment of which they bound themselves, their heirs and legal representatives, jointly and severally, conditioned, among other things, that the said J. J. Faulkner or his agent or employe would not sell nor permit to be sold, in his house or place of business, nor give nor permit to be given, any spirituous, vinous or malt liquors or medicated bitters capable of producing intoxication, to any habitual drunkard, or to any person after having been notified in writing, through the sheriff or other peace officer, by the wife of the person not to sell such person." The bond sued on was set out in haec verba in appellee's petition and made a part thereof.

The petition further alleged: "That on or about to wit, the 5th day of September, 1902, and after the making, approval and delivery of said bond, and after the same was in full force and effect, she, this plaintiff, wife of said George Cassidy, which was well known to defendant, J. J. Faulkner, and his agents, and employes, notified said defendant, J. J. Faulkner in writing, through Lon Williams, a peace officer, being then and there a policeman in and for the city of Ennis, in said Ellis County, not to sell nor give nor to permit to be sold or given to her said husband, any spirituous, vinous or malt liquors, or medicated bitters, capable of producing intoxication; that for several years since her marriage to the said George Cassidy, and during the year 1902, and especially in and during the month of September, and up to October 10, 1902, he, the said George Cassidy, her husband as aforesaid, was an habitual drunkard, which fact was then and there well known to said defendant, J. J. Faulkner, and his agents and employes in and about his said business of liquor dealer; that after the making, signing, approval and delivery of said bond, the said J. J. Faulkner and his agents and employes in said business, failed to keep the conditions of said bond, but knowingly disregarded and broke the same." The petition then proceeds to allege specifically five different sales of intoxicating liquor by appellant and his agents to appellee's said husband and prays for a recovery of $2,500.

Appellants answered by general and special exceptions, a general denial and special answer not necessary to state. The case was tried by a jury, the court by his charge submitting only the count wherein it was alleged that appellee's husband was an habitual drunkard and that appellant, Faulkner, knowing that fact had sold or given to him intoxicating liquors. There was a verdict and judgment for appellee in the sum of $1,500, and appellants have appealed.

It will be observed that the petition shows that at the time of the alleged sales of intoxicating liquor to appellee's husband, appellant Faulkner was engaged in the sale of such liquors at No. 113 N. Main Street in Ennis, Ellis County, Texas, under an unexpired liquor dealer's license which had been originally issued to one D. F. Crawford and transferred by him to appellant on March 10, 1902. Relative to the transfer of such license our statute (art. 5056, Rev. Stats.) provides: "that any person * * * or persons, who shall be the legal owners or holders of any unexpired occupation license issued in accordance with the laws of this State shall be and are hereby authorized to transfer the same on the books of the officer by whom the same was issued;" and article 5057 authorizes the "purchaser of such unexpired occupation license to pursue such occupation, under such unexpired license for and during the unexpired term thereof; provided that such assignee or purchaser shall, before following such occupation comply in all other respects with all the requirements of the law provided for in original application for such licenses." Referring to our statute to ascertain what is required in making original applications for such license we find that the person desiring to engage in the sale of spirituous or malt liquors capable of producing intoxication, shall before commencing the sale of such liquor * * * file with the county clerk of the county in which he proposes to sell an application under oath, stating, if (in) any city or town in which the streets are named and houses numbered, the street and number of the house; the quantities in which he proposes to sell; and shall pay to the collector of taxes the full amount of the annual tax levied and shall file with the said county clerk a bond similar to the one sued on in this case. Now the petition under consideration does not show that the unexpired license purchased by appellant Faulkner from Crawford was transferred on the books of the officer by whom the same was issued. Nor does it appear from said petition further than is shown by the recitals of the bond sued on and copied in said petition that Faulkner made the application as required by the statute above quoted. The petition did not show whether or not the streets in the city of Ennis were named and the houses numbered.

To appellee's petition appellant interposed and urged the following exceptions: "It does not appear that the defendant, J. J. Faulkner, ever filed an application with the county clerk of Ellis County, showing the kind of business he wished to engage in, and showing the particular place he wished to conduct the said saloon business, as required by law, and showing he would engage in said business at number 113 North Main Street, Ennis, Texas. Because it does not appear that the defendant, J. J. Faulkner, ever produced a license from the county clerk of Ellis County, Texas, to conduct a saloon business at number 113 North Main Street, in the city of Ennis, Texas, as required by law. Because it does not appear that the said J. J. Faulkner had any authority under the alleged transferred license to conduct business at number 113 North Main Street, in Ennis, Texas, nor does it appear that said license was issued to sell at said place."

The overruling of these several exceptions by the court is made the basis of appellant's first, second and third assignments of error. We do not regard the absence of allegations showing a compliance on ap-

pellant's part with the provisions of the statutes referred to fatal to appellee's petition or his right of recovery. On the contrary, we are of opinion that analogous cases passed upon by the courts of this State in effect decide the question presented adversely to appellant's contention. The criterion by which the validity of the bond in such cases is to be determined seems to be, would the license under which the liquor dealer sold protect him from a criminal prosecution for selling liquor without a license? The Court of Criminal Appeals of this State, in the case of Pearce v. State, 35 Texas Crim. Rep., 150, held that "a license which designated the town in which the liquors were to be sold, but which failed to designate the particular house, was valid;" and our Supreme Court, following that construction of the statute in the case of Green v. Southard, 94 Texas, 470, says: "If the license which was granted to Southard was valid—if it protected him from a prosecution for selling liquor without a license—then the bond was not void by reason of the omission to designate the house therein." The question came before our Supreme Court again in the case of Douthit v. State, 83 S. W. Rep., 795. In that case it was insisted that the bond was void for the reason that neither the application for the license nor the license itself sufficiently designated the house in which the principal in the bond was to carry on his business. As a matter of fact neither the application therefor nor the license designated the particular house in which the liquor was to be sold. In passing upon the question the court, after quoting article 5060c of our Revised Statutes, which requires that in an application for license to pursue the occupation of a retail liquor dealer, "if (in) a town or city in which the streets are named and houses numbered, the street and number of the house shall be given;" and article 5060e, which requires that the particular place and house in which the liquors are to be sold shall be designated in the license, said: "Clearly the license does not comply with this provision. But in Green v. Southard, supra, we held that the fact that the house was not designated in the license did not render the bond invalid. We see no reason for receding from that opinion, and it is decisive of the question against the plaintiff in error."

Now it occurs to us that the statutes requiring the transfer of an unexpired occupation license to be made on the books of the officer by whom the same was issued, and requiring the purchaser of such license, before following such occupation, to comply with all the requirements of the law provided for in original application for such license, are of no higher dignity or more mandatory than those the court had under consideration in the cases of Green v. Southard and Douthit v. State, supra, and we are aware of no good reason why said statutes should not receive the same construction as was placed upon those discussed in the cases mentioned. We therefore hold that the failure of appellant Faulkner to have the transfer of the unexpired license purchased by him from D. F. Crawford, made upon the books of the officer by whom the same was issued, and the said Faulkner's failure to file an application with the county clerk of Ellis County, Texas, designating therein the particular house in which he proposed to conduct his business under said unexpired license and to have such designation made in such license, did not render the bond sued on void. (Cox v. Trent, 1 Texas

Civ. App., 639; Morris v. Mills, 82 S. W. Rep., 334.)  If, however, we should be mistaken in the foregoing views, still we think the petition not obnoxious to the demurrers.  The petition does not show that any particular place or house was designated in the license transferred by Crawford to Faulkner at which the liquors were to be sold.  It does show, however, that on the same day the transfer of said license was made, appellant Faulkner entered into the bond sued on for the sale of spirituous and malt liquors by virtue of said license at number 113 N. Main Street in the city of Ennis, Ellis County, Texas, and thereafter pursued the occupation authorized by the license at said place. It also shows, and the fact is supported by the uncontroverted evidence, that at the time the bond sued on was executed and for twelve months prior thereto, appellant Faulkner was and had been engaged in the sale of intoxicating liquors at retail at number 113 N. Main Street, Ennis, Texas.  In addition to these allegations, the bond executed by appellants on the day the license was transferred by Crawford to Faulkner, and which is made the basis of this action, was copied in the petition and made a part of it.  This bond recites that "Faulkner desires to engage in the sale of spirituous  *  *  *  liquors  *  *  *  to be drunk on· the premises  *  *  *  at 113 N. Main Street in the city of Ennis, in county of Ellis, State of Texas, and had made the application and paid the taxes required by law.  We conclude therefore the court did not err in overruling appellant's exceptions.

The license issued to D. F. Crawford and alleged to have been transferred to appellant Faulkner authorized Crawford to sell intoxicating liquors at number 117 Knox Street, in the city of Ennis, Ellis County, Texas, and bore the following endorsement:  "Transferred to J. J. Faulkner.  D. F. Crawford, per J. C. Farley, atty. in fact."  Over appellant's objections the license and the endorsement thereon were admitted in evidence.  The propositions under the assignments presenting for review the court's action in the matter are, in effect; (1) that an instrument of writing is not admissible in evidence against one not a party thereto until its execution is proven as at common law; (2) that the bond sued on being to sell at a certain place, an unexpired and untransferred license to sell at a different place is not admissible to show authority to sell at the place named in the bond; (3) evidence materially varying from the allegations of the petition should not be admitted; (4) evidence which does not relate to facts in issue and to relevant facts is not admissible.  We do not think any of these propositions should be sustained under the facts in this case.  If it should be conceded that ordinarily the authority of one purporting to act for another in the execution of a transfer such as appears upon the license in question, should be proven by testimony other than the transfer itself, still we think appellants are in no position to insist on such proof in this instance.  It appears without contradiction that appellant J. J. Faulkner accepted the unexpired license, executed the bond in suit, and by authority of such instruments pursued the occupation of a retail liquor dealer at number 113 N. Main Street in the city of Ennis, from the 10th day of March, 1902, until such business was prohibited in Ellis County by the adoption of local option.  A different rule might apply if the question arose in a controversy between Faulkner and Crawford

over the validity of the transfer, but having received and conducted his business under the license, Faulkner is estopped, we think, to deny the authority of Farley, as Crawford's agent, to make the transfer thereof, or his title and ownership of said license. (Cox v. Trent, 1 Texas Civ. App., 639.) The transferred license, in our opinion, would have protected Faulkner from a prosecution for selling without license, and the same was not materially variant from the allegations of the petition. The petition alleged that appellant Faulkner was doing business at number 113 N. Main Street, but did not allege the place, or that any particular place was designated in the license under which he was operating, at which the business should be conducted.

Appellant's sixth assignment is disposed of against their contention by what has already been said in a former part of this opinion.

The admission of the testimony complained of by appellant's seventh, eighth, ninth, tenth, eleventh, twelfth and thirteenth assignments, if not material or necessary to the establishment of any issue in the case, the same was harmless and furnishes no ground for a reversal. These will therefore be overruled.

There was no error in admitting the answers of the witnesses Staples, Bradley, Crawford, Wooten and Bell, complained of in the fourteenth assignment of error. That the interrogatories propounded to these witnesses, eliciting the answers objected to, were not leading, is affirmed, we think, in the cases of Lott v. King, 79 Texas, 296, and Railway Co. v. Dalwigh, 92 Texas, 655.

There are other assignments, but it would protract this opinion, already long, to too great length to discuss all of them. They have, however, received our careful consideration, and those not disposed of by what has been said in the treatment of other assignments, point out, in our opinion, no reversible error. The conclusion has been reached that the evidence supports the verdict of the jury; that no reversible error is shown by the record, and that the judgment of the court below ought to be affirmed, and is accordingly so ordered.

*Affirmed.*

Writ of error refused.