EDWARDS v. YOUNGBLOOD.

(Court of Civil Appeals of Texas. Amarillo. Oct. 18, 1913.)

1. APPEAL AND ERROR (§ 748*)—ASSIGNMENT OF ERROR—MOTION FOR NEW TRIAL—APPLICABILITY.

Rev. Civ. St. 1911, art. 1612, as amended by Acts 33d Leg. c. 136, provides that when a motion for new trial has been filed the assignments therein shall constitute the assignments of error, and need not be repeated by the filing of assignments of error on appeal. *Held*, that such section is mandatory, and that assignments of error filed separate from a motion for new trial, and not the same in form as the assignments contained in the motion, and in but few particulars in substance, will be stricken.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3058–3064; Dec. Dig. § 748.*]

2. APPEAL AND ERROR (§ 274*)—SUFFICIENCY OF EXCEPTION—FINDINGS.

An exception to the judgment is sufficient to authorize the excepting party to assail the findings on which the judgment is based, if not supported by the statement of facts in the record, without an exception to any specific finding.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1591, 1592, 1605, 1606, 1607, 1624, 1631–1645; Dec. Dig. § 274.*]

3. APPEAL AND ERROR (§ 302*)—MOTION—REQUISITES.

Where it is claimed that the statement of facts will not support the findings and judgment, the motion for new trial must point out wherein the statement is insufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1744–1752; Dec. Dig. § 302.*]

Appeal from Wilbarger County Court; J. B. Copeland, Judge.

See, also, 160 S. W. 289.

Cecil Storey and L. P. Bonner, both of Vernon, for appellant. W. D. Berry, of Vernon, for appellee.

HUFF, C. J. [1] Appellee, by motion, requests this court to strike out the assignments of error which are filed separate from motion for new trial. This case is appealed from the county court of Wilbarger county, Tex., which convened April 7, 1913, and adjourned April 26, 1913. At that term of the court, on the 24th day of April, 1913, appellee obtained judgment against appellant. The trial judge, on the same day, filed his findings of fact and conclusions of law, to which appellant duly excepted. On the 25th day of April, appellant filed and presented his amended motion for new trial. In the order overruling the motion for new trial appellant excepted to the action of the court and gave notice of appeal and also entered therein his exceptions to the court's findings and conclusions. Appellant on the 17th day of June filed assignments of error, which are the assignments copied in his brief and present-

ed as grounds upon which to reverse this case. Upon an examination of the assignments of error and the assignment contained in the motion for new trial, we find that the assignments of error which appellee requests be stricken out are not the same as the assignments contained in the motion for new trial in form, and in but few particulars in substance. Article 1612, R. S. 1911, was amended by the Thirty-Third Legislature, page 276 of the Acts thereof, and took effect April 4, 1913. This article, as amended, provides: "That where a motion for new trial has been filed that the assignments therein shall constitute the assignments of error and need not be repeated by the filing of the assignments of error." Before the amendment, rules 24 and 25 for the Courts of Civil Appeals (142 S. W. xii) required the assignments of error to "refer to that portion of the motion for a new trial in which the error is complained of," "and distinctly set forth in the motion for a new trial." The courts have frequently referred to these rules in passing on assignments, and suggested that the purpose was to require the complaining party to present the issues in the trial court relied on for reversal. Frequently, before these rules, issues were presented by assignments which had not been called to the attention of the trial judge. Some have regarded this practice as unfair, resulting in reversals on questions not thought of or presented in the court below. Doubtless it was some such evil our Supreme Court sought to remedy by the promulgation of the rules above mentioned. The Legislature, by amendment, has emphasized this purpose. This law curtails labor and cost, and requires the presentation of the very question in the appellate court that was presented in the trial court. It relieves the appellate court from a search through long and involved motions for new trial and a comparison of each assignment therewith. It is not an infrequent occurrence that one party will contend the assignment presents a question not assigned in the motion for new trial, while the other will assert it was so presented, and the court is thus called upon to make a careful and critical comparison. This case illustrates the difficulty which frequently confronts the appellate courts when it is sought to ascertain whether it was distinctly set forth in the motion for new trial. Aside from the above suggestions, we regard that part of the law providing that "The assignments therein (the motion for new trial) shall constitute the assignments of error" as mandatory. It does not vest us with discretionary power in determining what shall constitute the assignments. We are not at liberty to disregard this plain mandate of the law. As we view the case, we must sustain the motion and strike out the instrument indorsed "Assignments of error" and copied in the brief of appellant.

Appellant suggests that the findings of fact and conclusions of law are often filed after the judgment and the motion for new trial, and therefore the assignments assailing the findings of the trial court should be entertained. Such is not the fact here, but if it were, we see no reason why the rule should be different.

[2] The exception to the judgment of the court is sufficient to authorize the appellant to assail the findings. Article 1991, R. S. 1911; Voight v. Michel, 71 Tex. 78, 8 S. W. 623; Wilkins v. Burns, 25 S. W. 431; Brenton v. Peck, 39 Tex. Civ. App. 224, 87 S. W. 904; Smith v. Abadie, 67 S. W. 1077. It has been held that an exception to the action of the court in the order overruling a motion for new trial will authorize the appellant to call in question the findings of the court where there is a statement of facts in the records, as in this case. Temple v. Watkins Land Co., 81 S. W. 1188; Thompson v. State, 23 Tex. Civ. App. 370, 56 S. W. 605.

[3] The findings by the trial court, if not supported by the statement of facts in the record, may be assailed under an exception to the judgment of the court without an exception being alleged against a specific finding. Findings of fact and conclusions of law, when filed, only evidence upon what facts and conclusions of law the trial court based its judgment. These findings and conclusions are made and reached before judgment, and are only reduced to writing and filed at the request of a party. Bowles v. Belt, 159 S. W. 885 (No. 445), not yet officially reported. If the statement of facts will not support the findings and judgment, the motion for new trial should point out wherein it is insufficient. This assignment can be made as readily and with as much particularity before as after the findings have been prepared and filed.

We are not passing on the question whether a motion for new trial must be filed in a case tried before the court without a jury. We leave that for discussion when a case is presented requiring its consideration. Rule 71a for District Courts (145 S. W. vii); article 1991, R. S.; Greer Mill Co. v. Featherston, 95 Tex. 661, 69 S. W. 69; Bell County v. Alexander, 22 Tex. 350, 73 Am. Dec. 268. In this case a motion for new trial was filed, and when that is done the law says the assignments therein shall constitute the assignments of error. Rule 69 for District Courts (142 S. W. xxii) and Rule 27 for Courts of Civil Appeals (142 S. W. xii).

Under the rules, we are of the opinion that the assignments should be stricken out for the reason that the portion of the motion for new trial is not referred to where the error is complained of, or that the error is not distinctly set forth in the motion for new trial. If we should hold that the motion pointed out the error assigned it must be done in a great measure by inference; and, in order to do so, we must separate matters from the other complaints wholly disconnected from that and not germane to the assignment. El Paso Electric Railway Company v. Lee, 157 S. W. 748. In fact, we find the motion for new trial much involved, but if the assignments are sufficient in the motion, then those assignments, under the law, should have been presented to this court, and this court should not be required to pick out the error there assigned.

The motion of appellee will be sustained, and the assignments of error stricken out.

HALL, J., not sitting.