FIRST TEXAS STATE INSURANCE COMPANY v. L. B. HIGHTOWER, JR.
ET AL.

No. 3024.   Decided June 25, 1919.

(214 S. W., 279.)

1.—Jurisdiction of Supreme Court.

The judgment of the Court of Civil Appeals is final in a case appealed from the County Court, unless the Supreme Court has jurisdiction by reason of conflict in decisions.   (P. 55.)

2.—Same—Conflicting Decisions.

No conflict of decisions is involved in the ruling of the Court of Civil Appeals in First Tex. State Ins. Co. v. Burwick, 193 S. W., 165 (that appellant who had not sought to set aside the verdict of the jury or their answers on special issues, but only in his motion for new trial and assignments of error attacked the judgment rendered thereon, could not complain on appeal of the insufficiency of the evidence to support their findings) and the rulings of other appellate courts in any of the following cases, all of which are here distinguished: Brenton v. Peck, 39 Texas Civ. App., 415, 87 S. W., 904; Wilkins v. Burns, 25 S. W., 431; Edwards v. Youngblood, 160 S. W., 288 (trials by court without a jury); Varley v. Nichols-Shepard Sales Co,, 191 S. W., 611 (that motion for new trial was not necessary to the right of appeal).   (P. 55.)

This was an original proceeding, in the Supreme Court brought by the First Texas State Ins. Co. to obtain writ of mandamus requiring respondents, the Chief Justice and Associate Justices of the Court of Civil Appeals for the Ninth Supreme Judicial District to certify to the Supreme Court questions of law in a case decided by them. The rulings in question were made on appeal by the Insurance Co., from a judgment against it recovered in the County Court of Jasper County by Mrs. M. A. Burwick; and jurisdiction to issue the writ and determine the questions was asserted by relators on the ground that the ruling conflicted with

decisions of other Courts of Appeals. The opinion of the Court of Civil Appeals may be found in 193 S. W., 165.

*Baker, Botts, Parker & Garwood (J. C. Townes, Jr.,* and *W. A. Parish,* of counsel) for relator.—The Honorable Court of Civil Appeals erred in holding that it could not consider appellant's assignments of error, from 1 to 10, inclusive, because of appellant's failure to file in the trial court a motion to set aside the findings of the jury in answer to the special issues submitted to them.

The Honorable Court of Civil Appeals erred in holding it could not consider appellant's assignments of error from 1 to 10, inclusive, because of appellant's failure to challenge the action of the court in refusing to grant a new trial on the ground that the verdict of the jury was unsupported by the evidence. Sayles' Civil Statutes 1914 articles 1982-1983-1984-1984A, 1986-1987-1988-1989-1990-1991; Adkins v. Ware, 35 Texas, 577; Silliman v. Gano, 90 Texas, 637; Wilson v. Ward, 56 Pac., 573; Kammermeyer v. Hilz, 92 N. W., 1007; Rev. St. 1895, article 1331; Steger v. Barrett, 124 S. W., 174; Carwile v. Cameron, 102 Texas, 171; Pool v. Sanford, 52 Texas, 619; Frost v. Frost, 45 Texas, 324; Featherstone v. Brown, 88 S. W., 475; Acts of 1879, page 119; Rev. St. 1895, article 1333; Acts of 1899, R. S., p. 15; Biggerstaff v. Murphy, 22 S. W., 768; Thompson v. State, 56 S. W., 603; Temple v. Watkins Land Co., 81 S. W., 1188; Wilkins v. Burns, 25 S. W., 431; Smith v. Abadie, 67 S. W., 1077; Brenton v. Peck, 87 S. W., 904; Edwards v. Youngblood, 160 S. W., 288; Walsh v. M. E. Church, 173 S. W., 242; Claiborne v. Tanner, 18 Texas, 79; Newbolt v. Lancaster, 83 Texas, 273; Railway Co. v. Smith, 190 S. W., 765.

The findings of a jury in answer to special issues are in force and effect exactly co-equal to and the same as the findings of fact by a court where a trial is without a jury.

In cases where trial is before a jury, and verdict returned in answer to special issues, it is not necessary to file a motion to set aside such findings of the jury in order to attack them on appeal, as not supported by, or contrary to, the evidence, and especially is this true where the record contains a statement of facts.

Under the express provisions of article 1991 of Revised Statutes of 1911, if a party has noted on the record in the judgment entry that he excepts thereto, such party is then in position to attack on appeal the findings of the jury, and especially so where the record contains a statement of facts. Wilson v. Ward, 56 Pac., 573; Kammermeyer v. Hilz, 92 N. W., 1007; Steger v. Barrett, 124 S. W., 174; Carwile v. Cameron, 102 Texas, 171; Pool v. Sanford, 52 Texas, 619; Frost v. Frost, 45 Texas, 324; Featherstone v. Brown, 88 S. W., 475; Biggerstaff v. Murphy, 22 S. W., 768; Thompson v. State, 56 S. W., 603; Temple v. Watkins Ld. Co., 81 S. W., 1188; Wilkins v. Burns, 25 S. W., 431; Smith v. Abadie, 67 S. W., 1077; Brenton v. Peck, 87 S. W., 904; Edwards v.

Youngblood, 160 S. W., 288; Walsh v. M. E. Church, 173 S. W., 242.

*Parker & Kennerly* and *J. J. Lee,* for respondent Burwick.— Plainly this decision of the Court of Civil Appeals for the Ninth District is not in conflict with the decisions of the Courts of Civil Appeals for the First, Fourth, and Seventh Districts, in the cases cited, for the reason that in none of those cases were the facts submitted to a jury on special issues for determination, but each of them was tried before the court without a jury; the question in each being whether or not the findings of the trial judge, himself, could be attacked on appeal as being unsupported by the evidence when the appellant duly excepted to the judgment of the trial court. Thus the questions in the several cases were not the same. And in such case this court has more than once held that it has no jurisdiction. In the recent case of McKay v. Connor, 101 Texas, 313, 107 S. W., 45, this court expressed itself as follows:

"When one court decides a question one way and another court makes a contrary ruling upon the same question, there is a conflict. Hence unless the questions be the same, there can be no conflict. The conflict must be upon the very question decided and not in the reasonings by which conclusion is reached."

*Presley K. Ewing,* as *amicus curiae,* and representing clients interested in the question, also, by permission filed brief in opposition to relator's contention.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The respondent, Mrs. M. A. Burwick, sued the relator, First Texas State Insurance Company, in the County Court of Jasper County, to recover $750. The trial was before a jury, to whom special issues were submitted, and, on the jury's answers, judgment was entered for said respondent.

The relator did not file in the trial court a motion to set aside the jury's verdict, nor any of their answers, on the ground that same lacked support in the evidence, but relator did object and except to the rendition of the judgment against it, and perfected an appeal, and included in the transcript both the jury's special verdict and a complete statement of facts.

The relator assigned errors complaining of the action of the County Court in entering its judgment, but filed no assignment complaining of the refusal of the County Court to grant relator a new trial on the ground that the answers of the jury were unsupported by the evidence.

The Court of Civil Appeals overruled relator's assignments urging that the trial court erred in rendering judgment against it on the special verdict because the jury's answers were without support in the evidence. The Court of Civil Appeals based its ruling on its conclusion that unless a motion be made in the trial court to set

aside a jury's answers to special issues, and unless error be assigned to the refusal to grant such motion, then such answers cannot be attacked, on appeal, as without support in the evidence.

Since the case against relator was a County Court case, the jurisdiction of the Court of Civil Appeals is final, unless we have jurisdiction under article 1623 of the Revised Statutes, because the decision of the Court of Civil Appeals is in conflict with the decisions of other Courts of Civil Appeals.

The decisions which relator claims are in conflict with the decision in its case were those of the Courts of Civil Appeals of the First, Fourth, and Seventh Judicial Districts in the cases of Brenton v. Peck, 87 S. W., 904; Wilkins v. Burns, 25 S. W., 431, and Edwards v. Youngblood, 160 S. W., 288, and the decision of the Court of Civil Appeals of the Fifth Judicial District in the case of Varley v. Nichols-Shepard Sales Co., 191 S. W., 611.

The three cases first cited decide that a party may assail findings of fact, as not supported by the evidence, on an exception to the judgment, in cases tried before the court without a jury. There is no conflict between decisions sustaining the right to attack findings of the court for insufficient support in the evidence, and a decision denying the right to attack special findings of the jury for lack of evidence to support same. McKay v. Conner, 101 Texas, 314.

The case of Varley v. Nichols-Shepard Sales Co., 191 S. W., 611, determines nothing bearing on the alleged conflict, save that the filing of a motion for new trial is not essential to the right of appeal under article 1990, R. S., but that such an appeal will be heard on a transcript, omitting a statement of facts, and embodying a special verdict and an exception to the judgment. In that case no assignments were considered involving any attack on a finding of the jury. It is obvious that merely sustaining a right of appeal from a judgment, in the absence of a motion to set aside a special verdict or for a new trial, is a very different thing from deciding that review may be had on the appeal of the sufficiency of the evidence to support the jury's special verdict.

Finding no conflict in the cases, the mandamus is refused.