FIRST TEXAS STATE INS. CO. v. HIGHTOWER et al.   (No. 3024.)

(Supreme Court of Texas.   June 25, 1919.)

1. COURTS ⬤⟿247(7)—JURISDICTION—FINALITY—TEXAS COURT OF CIVIL APPEALS—APPEAL FROM COUNTY COURT.

In a county court case, the jurisdiction of the Court of Civil Appeals is final, unless the Supreme Court has jurisdiction under Rev. St. 1911, art. 1623, because the decision of the Court of Civil Appeals is in conflict with the decisions of other Courts of Civil Appeals.

2. COURTS ⬤⟿247(7) — JURISDICTION — CONFLICT BETWEEN DECISION.

There is no conflict between decisions sustaining the right to attack findings of the court for insufficient support in the evidence and a decision denying the right to attack special findings of the jury for lack of evidence to support them, so as to sustain the jurisdiction of the Supreme Court in a county court case in which the jurisdiction of the Court of Civil Appeals is otherwise final under Rev. St. 1911, art. 1623.

3. COURTS ⬤⟿247(7) — APPELLATE JURISDICTION — CONFLICTING DECISIONS—JURISDICTION OF SUPREME COURTS AND COURT OF CIVIL APPEALS.

A decision, merely sustaining a right of appeal from a judgment, in the absence of a motion to set aside a special verdict or for a new trial, is not in conflict with the decision

that a review may be had on appeal of the sufficiency of the evidence to support the jury's special verdict, so as to give the Supreme Court jurisdiction in a case appealed from the county court, where the jurisdiction of the Court of Civil Appeals is otherwise final under Rev. St. 1911, § 1623.

Original proceeding for mandamus by the First Texas State Insurance Company, as relator, against L. B. Hightower, Judge, and others. Mandamus refused.

See, also, 193 S. W. 165.

Baker, Botts, Parker & Garwood, of Houston, for relator.

J. J. Lee and Parker & Kennerly, all of Houston, for corespondent Burwick.

Presley K. Ewing, of Houston, amicus curiæ.

GREENWOOD, J. The respondent, Mrs. M. A. Burwick, sued the relator, First Texas State Insurance Company, in the county court of Jasper county, to recover $750. The trial was before a jury, to whom special issues were submitted, and on the jury's answers judgment was entered for said respondent.

The relator did not file in the trial court a motion to set aside the jury's verdict, nor any of their answers, on the ground that same lacked support in the evidence, but relator did object and except to the rendition of the judgment against it, and perfected an appeal, and included in the transcript both the jury's special verdict and a complete statement of facts.

The relator assigned errors complaining of the action of the county court in entering its judgment, but filed no assignment complaining of the refusal of the county court to grant relator a new trial on the ground that the answers of the jury were unsupported by the evidence.

The Court of Civil Appeals overruled relator's assignments, urging that the trial court erred in rendering judgment against it on the special verdict because the jury's answers were without support in the evidence. 193 S. W. 165. The Court of Civil Appeals based its ruling on its conclusion that, unless a motion be made in the trial court to set aside the jury's answers to special issues, and unless error be assigned to the refusal to grant such motion, then such answers cannot be attacked, on appeal, as without support in the evidence.

[1] Since the case against relator was a county court case, the jurisdiction of the Court of Civil Appeals is final, unless we have jurisdiction under article 1623 of the Revised Statutes, because the decision of the Court of Civil Appeals is in conflict with the decisions of other Courts of Civil Appeals.

[2] The decisions which relator claims are in conflict with the decision in its case were those of the Courts of Civil Appeals of the First, Fourth, and Seventh Judicial Districts in the cases of Brenton v. Peck, 39 Tex. Civ. App. 415, 87 S. W. 904, Wilkins v. Burns (Civ. App.) 25 S. W. 431, and Edwards v. Youngblood, 160 S. W. 288, and the decision of the Court of Civil Appeals of the Fifth Judicial District in the case of Varley v. Nichols-Shepard Sales Co. (Civ. App.) 191 S. W. 611.

The three cases first cited decide that a party may assail findings of fact, as not supported by the evidence, on an exception to the judgment, in cases tried before the court without a jury. There is no conflict between decisions sustaining the right to attack findings of the court for insufficient support in the evidence and a decision denying the right to attack special findings of the jury for lack of evidence to support same. McKay v. Conner, 101 Tex. 314, 107 S. W. 45.

[3] The case of Varley v. Nichols-Shepard Sales Co. (Civ. App.) 191 S. W. 611, determines nothing bearing on the alleged conflict, save that the filing of a motion for new trial is not essential to the right of appeal under article 1990, R. S., but that such an appeal will be heard on a transcript, omitting a statement of facts, and embodying a special verdict and an exception to the judgment. In that case no assignments were considered involving any attack on a finding of the jury. It is obvious that merely sustaining a right of appeal from a judgment, in the absence of a motion to set aside a special verdict or for a new trial, is a very different thing from deciding that review may be had on the appeal of the sufficiency of the evidence to support the jury's special verdict.

Finding no conflict in the cases, the mandamus is refused.